United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50590
Summary Calendar

ANDRES ALEJANDRO-GONZALEZ,

Petitioner-Appellant,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL; RUDY FRANCO, Warden
of Reeves County Detention Center; DISTRICT DIRECTOR OF
IMMIGRATION & NATURALIZATION SERVICE, Immigration and
Naturalization Service of Houston, Texas; BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT,

Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CV-29-FM

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andres Alejandro-Gonzalez ("Alejandro"), federal prisoner
#14330-179, appeals from the district court's order construing his
28 U.S.C. § 2241 petition as a motion for relief pursuant to 28
U.S.C. § 2255 and dismissing the constructive 28 U.S.C. § 2255
motion without prejudice for lack of jurisdiction. Alejandro moves
for a stay of deportation pending resolution of his appeal; his
motion is **DENIED** as moot.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Alejandro contends solely that the current version of section 241(a)(5) of the Immigration and Naturalization Act should not have been applied retroactively to the reinstatement of the original order of removal against him. According to Alejandro, that provision became effective on April 1, 1997, after he reentered the United States in April 1996. He argues that the retroactive application of § 241(a)(5) and its accompanying administrative regulations deprives him of due process rights he might otherwise enjoy.

We do not address the merits of Alejandro's contentions at this time. The district court should not have sua sponte recharacterized Alejandro's 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion (Alejandro's first 28 U.S.C. § 2255 motion) without first notifying Alejandro and warning him "that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provid[ing him] an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Castro v. United States, 124 S. Ct. 786, 792 (2003). We express no opinion regarding whether or not a recharacterization would be proper following the notice and opportunity required by Castro.

**VACATED AND REMANDED.**

2